IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | |
|---|---|
| NICHOLAS WRAY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CA # 5:23-cv-00060 |
| | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1.  Plaintiff's claims against Defendant is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2.  Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the short-term and long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the short-term and long-term disability insurance policies and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the short-term and long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff is a former employee of West Monroe Partners, Inc. ("Employer"). While employed there, and while covered by the Group Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The West Monroe Partners, Inc. Welfare Benefit Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6. West Monroe Partners, Inc. is the Plan Administrator of the Plan.

7. The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8. Life Insurance Company of North America (LINA) was contracted by the Plan Administrator to provide short-term and long-term disability benefits under the Plan.

9. New York Life (NYL) reviews all claims for short-term and long-term disability benefits under the Plan.

## THE EMPLOYEE WELFARE BENEFIT PLAN

10. At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

11. The Plan Administrator has delegated disability claims administration to the LINA.

12. The Employer, LINA, and NYL are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

13. LINA is responsible for conducting any ERISA mandated claim evaluation and final review rests with LINA and with no other entity.

14. LINA and NYL, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

15. LINA is fully responsible for the payment of all claims made under the Plan.

## HISTORY OF THE CLAIM

16. Plaintiff worked for the Employer until he became disabled.

17. At all times relevant the Plaintiff has met the Plan's definition of disability.

18. The Plan provides for lost income benefits.

19. Plaintiff timely gave notice of disability and applied for short-term disability benefits under the Plan.

20. On January 11, 2023, the Claim Administrator issued an "Adverse Benefit Decision" on Plaintiff's claim for short-term disability benefits under the Plan.

21. Plaintiff filed an appeal of the adverse benefit decision on his short-term disability claim.

22. NYL received Plaintiff's appeal on February 1, 2023.

23. NYL provided Plaintiff with new information on March 13, 2023, along with an opportunity to respond to the new information it generated on appeal.

24. Plaintiff responded to NYL's new information on July 12, 2023.

25. NYL's deadline to make a decision on Plaintiff's appeal under ERISA was July 17, 2023.

26. NYL did not make a decision on or before July 17, 2023.

27. On July 27, 2023, ten days past its deadline, NYL provided Plaintiff with new evidence and an opportunity to respond to that new evidence it generated.

28. Plaintiff responded to NYL's new evidence on August 11, 2023.

29. On August 15, 2023, NYL provided Plaintiff with new evidence and an opportunity to respond to that new evidence it generated.

30. On August 17, 2023, Plaintiff responded to NYL's new information.

31. On August 30, 2023, Plaintiff sent NYL a facsimile, informing it of its deadlines under ERISA, saying that NYL had (at most) until September 18, 2023 to make a decision, and asking that if NYL disagreed with the time calculation that it explain when it calculated its deadline to be.

32. NYL did not respond to Plaintiff's August 30, 2023 letter.

33. NYL did not identify any special circumstance outside of its control warranting the extension of its deadline.

34. At any rate, even if NYL did identify special circumstances out of its control, ERISA does not permit longer than 90 days of review, even after a valid request for an extension.

35. The Defendant has surpassed its deadline to issue a determination on Plaintiff's appeal.

36. To date, the Defendant has not issued a determination on Plaintiff's appeal.

37. Due to the facts alleged supra, Plaintiff's short-term disability claim is "deemed denied."

38. The Plaintiff has exhausted the administrative remedies of the Plan.

39. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

40. The Plaintiff is entitled to short-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

41. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

42. Plaintiff also timely gave notice of disability and applied for long-term disability benefits under the Plan.

43. On July 12, 2023, Plaintiff filed an application for long-term disability benefits.

44. Under ERISA, NYL had 45 days to make a determination on Plaintiff's long-term disability claim.

45. NYL did not make any determination on Plaintiff's long-term disability claim.

46. NYL did not identify any special circumstance outside of its control warranting the extension of its deadline.

47. The Defendant has surpassed its deadline to issue a determination on Plaintiff's application for long-term disability benefits.

48. To date, the Defendant has not issued a determination on Plaintiff's long-term disability application.

49. Due to the facts alleged supra, Plaintiff's long-term disability claim is "deemed denied."

50. The Plaintiff has exhausted the administrative remedies of the Plan.

51. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

52. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

53. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.

2. That the Plaintiff is entitled to short-term and long-term disability benefits under the Plan.

3. That the Plaintiff is entitled to payment of past-due short-term and long-term disability benefits and instatement of monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Nicholas Wray*
By Counsel

/s/
_____

Damon R. Miller | VSB #98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*